1  DAVID B. RITCHIE, SBN 112018
   dritchie@thelen.com
2  ROBERT E. CAMORS, JR., SBN 121204
   bobcamors@thelen.com
3  KARIN M. FRENZA, SBN 244606
   kfrenza@thelen.com
4  THELEN REID BROWN RAYSMAN & STEINER LLP
   225 W. Santa Clara Street, Ste. 1200
5  San Jose, CA  95113
   Telephone:  408.292.5800
6  Facsimile:  408.287.8040

7  ALEXANDRA EPAND, SBN 191733
   aepand@thelen.com
8  THELEN REID BROWN RAYSMAN & STEINER LLP
   333 South Hope Street, Ste. 2900
9  Los Angeles, CA 90071
   Telephone: 213.576.8000
10 Facsimile: 213.576.8080

11 Attorneys for Plaintiffs,
   DISC INTELLECTUAL PROPERTIES, LLC,
12 GEP CENCAST, LLC and

13 GEP ADMINISTRATIVE SERVICES, INC.

14              UNITED STATES DISTRICT COURT

15           FOR THE CENTRAL DISTRICT OF CALIFORNIA

16

17 DISC INTELLECTUAL                Case No.: CV07-05306 PA (PJWx)
   PROPERTIES, LLC, a California
18 Limited Liability Company, GEP   **TRANSMITTAL OF FINAL**
   CENCAST, LLC d/b/a CENTRAL       **JUDGMENT FOR ENTRY BY**
19 CASTING, a Delaware Limited      **COURT**
   CASTING, a Delaware Limited
20 Liability Company, and GEP
   ADMINISTRATIVE SERVICES,
21 INC. d/b/a ENTERTAINMENT
   PARTNERS, a Delaware Corporation,
22
23              Plaintiffs,
24        v.
25 DAVID L. DELMAN, individually,
   and CENTRAL CASTING, a
26 California Corporation,
27
                Defendants.
28

SV #341696 v1

1    Plaintiffs DISC INTELLECTUAL PROPERTIES, LLC, a California Limited
2  Liability Company, GEP CENCAST, LLC d/b/a CENTRAL CASTING, a Delaware
3  Limited Liability Company, and GEP ADMINISTRATIVE SERVICES, INC. d/b/a
4  ENTERTAINMENT PARTNERS, a Delaware Corporation and Defendants DAVID
5  L. DELMAN, individually, and CENTRAL CASTING, a California Corporation
6  (collectively, "the Parties") have entered into a settlement as shown by the enclosed
7  approved and agreed form of Final Judgment.  The parties' respectfully request that
8  the Court enter the proposed Final Judgment attached hereto as Exhibit A as the
9  Final Judgment in this action.

10
11  Dated: April 29, 2008                    THELEN REID BROWN RAYSMAN
                                             & STEINER LLP
12

13
                                    By:_____/s/_____
14                                      DAVID RITCHIE
                                        ROBERT E. CAMORS, JR.
15                                      ALEXANDRA EPAND
                                        KARIN M. FRENZA
16

17                                      Attorneys for Plaintiffs
18                                      DISC INTELLECTUAL PROPERTIES,
                                        LLC,  GEP CENCAST, LLC, and
19                                      GEP ADMINISTRATIVE SERVICES,
20                                      INC.

21

22

23

24

25

26

27

28

TRANSMITTAL OF FINAL JUDGMENT FOR ENTRY BY COURT
Case No. 07-5306 PA (PJWx)

# Exhibit A

DAVID B. RITCHIE, SBN 112018
dritchie@thelen.com
ROBERT E. CAMORS, JR., SBN 121204
bobcamors@thelen.com
KARIN M. FRENZA, SBN 244606
kfrenza@thelen.com
THELEN REID BROWN RAYSMAN & STEINER LLP
225 W. Santa Clara Street, Ste. 1200
San Jose, CA 95113
Telephone: 408.292.5800
Facsimile: 408.287.8040

ALEXANDRA EPAND, SBN 191733
aepand@thelen.com
THELEN REID BROWN RAYSMAN & STEINER LLP
333 South Hope Street, Ste. 2900
Los Angeles, CA 90071
Telephone: 213.576.8000
Facsimile: 213.576.8080

Attorneys for Plaintiffs,
DISC INTELLECTUAL PROPERTIES, LLC,
GEP CENCAST, LLC and
GEP ADMINISTRATIVE SERVICES, INC.

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISC INTELLECTUAL PROPERTIES, LLC, a California Limited Liability Company, GEP CENCAST, LLC d/b/a CENTRAL CASTING, a Delaware Limited Liability Company, and GEP ADMINISTRATIVE SERVICES, INC. d/b/a ENTERTAINMENT PARTNERS, a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID L. DELMAN, individually, and CENTRAL CASTING, a California Corporation,<br><br>Defendants. | Case No.: 07-5306 PA (PJWx)<br><br>**FINAL JUDGMENT** |

SV #328390 v1

-1-

1    The parties, DISC INTELLECTUAL PROPERTIES, LLC, GEP CENCAST,

2    LLC, and GEP ADMINISTRATIVE SERVICES, INC. (hereinafter "Plaintiffs"),

3    DAVID L. DELMAN ("Delman") and CENTRAL CASTING CORPORATION

4    (hereinafter "CC Corp") having agreed to entry of this Final Judgment finally

5    disposing of this action,

6         IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

7         1.    This Court had subject matter jurisdiction of Plaintiffs' claims for

8    violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

9    §43 of the Lanham Act, 15 U.S.C. § 1125 (Unfair Competition, False Description,

10   and Dilution); § 32 of the Lanham Act, 15 U.S.C. § 1114 (Trademark, Service

11   Mark, and Trade Name Infringement); California Business and Professional Code, §

12   17200 *et seq.* (Unfair Business Practice); and for common law dilution and injury to

13   business reputation pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), 28 U.S.C.

14   §1367(a) and 15 U.S.C. §§ 1121 and 1125.

15        2.    Plaintiff DISC Intellectual Properties, LLC ("DISC") is a California

16   limited liability company having its principal place of business at 2835 N. Naomi

17   Street, Burbank, California 91504.

18        3.    Plaintiff GEP Cencast, LLC d/b/a Central Casting ("CENCAST" or

19   "Central Casting") is a Delaware limited liability company having its principal place

20   of business at 2835 N. Naomi Street, Burbank, California 91504.

21        4.    Plaintiff GEP Administrative Services, Inc. d/b/a Entertainment

22   Partners ("GEP" or "Entertainment Partners") is a Delaware corporation having its

23   principal place of business at 2835 N. Naomi Street, Burbank, California 91504.

24        5.    GEP, an employee-owned company, has been a leading provider of

25   production management services to the entertainment industry for over thirty years.

26   GEP provides services, webdesign, and software tools to accountants, producers,

27   production managers, assistant directors, writers, crew, and others involved in the

28   production of films, documentaries, television programs, and music videos. The

1  services involve all aspects of the production of films, documentaries and the like,

2  including the scheduling of different aspects of filming, people, equipment, places,

3  and ancillary goods and services, the tracking of hours of use of musical scores and

4  compliance with a multitude of laws and regulations.  Since at least 1992, GEP has

5  used, in commerce, the trademark ENTERTAINMENT PARTNERS® to promote its

6  products and services.  GEP's ENTERTAINMENT PARTNERS® mark is broadly

7  recognized as identifying GEP and its various products and services.

8       6.     Since at least April 1, 2003, GEP has used, in commerce, the

9  trademark EP ENTERTAINMENT PARTNERS® to promote its products and

10  services.

11       7.     CENCAST is a division of GEP.  CENCAST has been a leader in

12  casting for background actors, or extras, since its inception in 1925.  CENCAST has

13  been described as the "standard for background talent casting for the Hollywood

14  film community."  Background actors are essential to the film, television and

15  advertising industries.

16       8.     CENCAST uses, in commerce, the trademark and service mark

17  CENTRAL CASTING® to promote its products and services.

18       9.     DISC is the owner of United States Trade Mark Registration Nos.

19  2,815,057, 2,859,999, 2,804,842, 1,653,200.

20       10.     On December 13, 1998, DISC registered the domain name

21  www.ENTERTAINMENTPARTNERS.COM.  GEP advertises its services, in part,

22  by means of a webpage located at this domain name.

23       11.     On June 25, 2003, DISC registered the domain name

24  www.CENTRALCASTING.ORG.  Plaintiff CENCAST advertises its services, in

25  part, by means of a webpage located at this domain name.

26       12.     The ENTERTAINMENT PARTNERS®, EP ENTERTAINMENT

27  PARTNERS®, and the two CENTRAL CASTING® trademarks and service marks

28  discussed above are collectively referred to herein as "Plaintiffs' Marks."

13.     Defendant Central Casting Corporation ("CC Corp.") is a California corporation with a principal place of business in Los Angeles, California. Defendant CC Corp. maintains an address at P.O. Box 812083, Los Angeles, California, 90081.

14.     Defendant David Delman is an individual residing in Los Angeles County, California. Delman is the sole founder, sole employee, and Chief Executive Officer of Defendant CC Corp.

15.     On or about March 31, 2007, with knowledge that Plaintiffs used the terms "Entertainment Partners" and "Central Casting," Delman registered the domain names www.centralcasting.us, www.centralcasting.ws, www.entertainmentpartners.biz, www.entertainmentpartners.us, www.entertainmentpartners.net, www.entertainmentpartners.info, www.entertainmentpartners.tv, and www.entertainmentpartners.ws.

16.     Defendant Delman, with knowledge that Plaintiffs used the terms "Entertainment Partners" and "Central Casting", sought and received incorporation for Defendant CC Corp. in the State of California on May 3, 2007.

17.     On June 25, 2007, Delman filed a fictitious business name statement in Los Angeles County for the names "Central Casting," "Central Casting Corp," and "Central Casting, Inc."

18.     On August 14, 2007, Plaintiffs filed a complaint for violation of the AntiCybersquatting Consumer Protection Act, Trademark Infringement, Dilution, Unfair Competition and Injury to Business Reputation against Defendant Delman and Defendant CC Corp. The Summons and Compliant were served upon Defendant Delman and Defendant CC Corp. on August 22, 2007. Defendant Delman filed an Answer to the Complaint on September 14, 2007 and defendant CC Corp has not filed an answer to the complaint as of the date of this consent decree. Delman's Answer contains various admissions and denials, as reflected therein, and he continues to assert those admissions and denials.

19.     On August 27 2007, Plaintiffs filed a motion for preliminary injunction seeking to enjoin the actions of Defendant Delman and Defendant CC Corp from using Plaintiffs' Marks, or any other name or mark that is confusingly similar to Plaintiffs' Marks in connection with their corporate name, their advertising, their domain names or in connection with their providing services to the public and to cancel or surrender their domain names to Plaintiffs.

20.     On September 17, 2007, after considering the briefs and evidence filed by Plaintiffs and by Defendant Delman and no opposition to the motion having been filed by Defendant CC Corp, the Court issued the preliminary injunction (the "Preliminary Injunction"), a true and correct copy of which is attached hereto as Exhibit A and which is incorporated by reference herein.  The Preliminary Injunction enjoined Defendant Delman and Defendant CC Corp. from (1) making any use of the domain names Defendants have registered which incorporate Plaintiffs' Marks; (2) registering or using any other domain names that are identical or confusing similar to Plaintiffs' marks; (3) using Plaintiffs' marks or any confusingly similar terms in connection with any website, sponsored link, or any paid advertising relating to an internet search engine; (4) using any name or mark that is identical or confusingly similar to Plaintiffs' marks in connection with the selling, offering for sale, marketing, advertising, or offering of services related to background performers and related services; (5) committing any act which in any way creates the erroneous impression or otherwise causes the public to believe that Defendants or their products or services originate with, are sponsored by, approved by, endorsed by, connected with, or offered, sold by, or licenses by Plaintiffs; and (6) directly or indirectly infringing Plaintiffs' marks or from assisting or aiding and abetting any other person or business entity from doing so.  Defendant Delman and Defendant CC Corp received notice of the Preliminary Injunction on September 18, 2007.

1    The Preliminary Injunction stated: "However, a preliminary injunction 'is not a

2  preliminary adjudication on the ultimate merits.' *Sierra On-Line, Inc. v. Phoenix*

3  *Software, Inc.*, 739 F.2d 1415, 1423 (9th Cir. 1984). '[T]he findings of fact and

4  conclusions of law made by a court granting a preliminary injunction are not binding at

5  trial on the merits.' *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830

6  1834, 68 L.Ed.2d 175 (1981)." Also stated in the Preliminary Injunction: "'Bad faith

7  intent' does not include situations 'in which the court determines that the person believed

8  and had reasonable grounds to believe that the use of the domain name was a fair use or

9  otherwise lawful.' Id., § 1125(d)(1)(b)(ii)."

10    21.    Although Delman does not believe that he acted with any "bad faith

11  intent," and although he contends that there are reasonable grounds to believe that

12  his use of domain names was a fair use or otherwise lawful, the Preliminary

13  Injunction shall become a Permanent Injunction by operation of this Final Judgment

14  and shall remain in effect permanently.

15    22.    Plaintiffs are hereby and henceforward relived from any obligation to

16  post or maintain a bond of any kind or in any amount, including the bond as

17  contemplated by the Preliminary Injunction.

18    23.    Plaintiffs' Marks were distinctive, strong, unique and federally

19  protected trademarks prior to Defendants' use of such marks. The eight domain

20  names registered by Defendants use the terms "Central Casting" and "Entertainment

21  Partners." Defendant CC Corp's corporate name and registered fictitious business

22  names are similar to Plaintiffs' Central Casting Mark. Defendants have no

23  intellectual property rights in "Central Casting" or "Entertainment Partners."

24  Defendants were not using the domain names in connection with the bona fide

25  offering of any goods or services. Plaintiffs use the Internet as a major marketing

26  channel. Both Plaintiffs and Defendants' services are provided to actors and would-

27  be actors in the film, television and advertising industries, including specifically

28  background actors. Plaintiffs contend that Defendants' use of Plaintiffs' Marks is

1   likely to cause confusion and deceive consumers as to the source of the services

2   offered by Defendants and that Plaintiffs will be irreparably harmed if Defendants

3   do not cease using their Marks.  Defendants contend otherwise.

4        24.      Although Defendants deny ever having engaged in the activities listed

5   below in subparagraphs (a) through (f), in addition to the above, Defendant Delman

6   and Defendant CC Corp and its officers, agents, servants, employees, attorneys and

7   representatives, and those parties acting in concert or participating with them who

8   receive notice of this Consent Decree and Final Judgment, by U.S. Mail, personal

9   service or otherwise, are hereby immediately and permanently enjoined from:

10           a)      using any name or mark that is identical or confusingly similar to

11      Plaintiffs' marks in connection with the selling, offering for sale, marketing,

12      advertising, or offering of services related to background performers and

13      related services;

14           b)      committing any act which in any way creates the erroneous

15      impression or otherwise causes the public to believe that Defendants or their

16      products or services originate with, are sponsored by, approved by, endorsed

17      by, connected with, or offered, sold by, or licenses by Plaintiffs;

18           c)      making any use of the domain names Defendants have registered

19      which incorporate Plaintiffs' Marks;

20           d)      registering or using any other domain names that are identical or

21      confusing similar to Plaintiffs' marks;

22           e)      using Plaintiffs' marks or any confusingly similar terms in

23      connection with any website, sponsored link, or any paid advertising relating

24      to an internet search engine; and

25           f)      directly or indirectly infringing Plaintiffs' marks or from

26      assisting or aiding and abetting any other person or business entity from doing

27      so.

28

25.     Although Defendants are not in possession of any labels, packaging, advertising, promotional material, letterhead, or related items, as referenced below, within 20 days of the date of the execution of this Agreement, Defendant Delman and Defendant CC Corp will recall and destroy all written and electronic material, including by not limited to labels, packaging, advertising, promotional material, letterhead, and related items which use Central Casting, Central Casting, Corporation, Central Casting, Inc., Central Casting, a public benefit corporation, or any other trade name, trademark, service mark or domain name which is likely to be confused with the Plaintiffs' Mark;

26.     Within 20 days of the date of the execution of this Agreement, Defendant Delman and Defendant CC Corp will transfer to Plaintiffs the registrations of all domain names that contain Plaintiffs' Marks or that are confusingly similar to those trademarks and service marks;

27.     Within 20 days of the date of the execution of this Agreement, Defendant Delman will dissolve CC Corp by filing a certificate of dissolution with the Secretary of State and cease doing business under any trade name incorporating Plaintiffs' Marks;

28.     Within 35 days of the date of the execution of this Agreement, Defendant Delman and Defendant CC Corp will file with this Court and to serve upon Plaintiffs, a written report, under oath, setting forth in detail, the manner in which Defendants have complied with Paragraphs 24-27.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

29.    Each party is to bear its own costs and attorney's fees in connection with this matter.

Dated: _May 13, 2008_

_____
Honorable Percy Anderson

Approved and Agreed:

Dated: _4/29/2008_

THELEN REID BROWN RAYSMAN
& STEINER LLP

By: _____
DAVID RITCHIE
ROBERT E. CAMORS, JR.
ALEXANDRA EPAND
KARIN M. FRENZA

Attorneys for Plaintiffs
DISC INTELLECTUAL PROPERTIES,
LLC,  GEP CENCAST, LLC, and
GEP ADMINISTRATIVE SERVICES,
INC.

Dated: _4/24/08_

HARRIS & RUBLE

By: _____
ALAN HARRIS
DAVID ZELENKSI

Attorneys for Defendants
CENTRAL CASTING

SV #328390 v1

-9-

1

2  Dated: 4/24/08                        DAVID L. DELMAN

3

4                                        By: _____

5                                            DAVID L. DELMAN

6                                            Pro Per

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JUDGMENT
Case No. 07-5306 PA (PJWx)